Jon Mower, Esq. (State Bar No. 72034)
jmower@tocounsel.com
Nesrein El-Haddad, Esq. (State Bar No. SBN 314965)
nelhaddad@tocounsel.com
THEODORA ORINGHER PC
Anton Boulevard, Ninth Floor
Costa Mesa, California 92626-7109
Telephone: (714) 549-6200
Facsimile: (714) 549-6201

Attorneys for Plaintiffs,
Mary Katherine Green-Todd, Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, AND RILYNN TODD<br><br>Plaintiffs,<br><br>vs.<br><br>MONSANTO COMPANY and DOES 1-10, inclusive,<br><br>Defendants. | Case No. **'20CV1181 BEN MDD**<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>**(1) WRONGFUL DEATH**<br>**(2) NEGLIGENCE – PRODUCTS LIABILITY**<br>**(3) PRODUCTS LIABILITY- DESIGN DEFECT**<br>**(4) STRICT LIABILITY- FAILURE TO WARN**<br>**(5) LOSS OF CONSORTIUM**<br>**(6) SURVIVAL ACTION** |

Plaintiffs Mary Katherine Green-Todd, Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd (collectively "Plaintiffs") by and through attorneys Theodora

Oringher PC, upon information and belief, bring this action against Defendant Monsanto Company ("Defendant") and Doe Defendants 1 through 10 collectively referenced herein as "Defendants":

## INTRODUCTION

1. This is a civil action for damages suffered by Plaintiffs as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, sale and/or application of glyphosate-containing products including in particular Roundup®.

2. In 1970, Defendant Monsanto Company discovered the herbicidal properties of glyphosate and began marketing it in products in 1974 under the brand name Roundup®. Roundup® is a non-selective herbicide used to kill weeds that commonly compete with the growing of crops and landscaping.

3. Monsanto is a multinational agricultural biotechnology corporation based in St. Louis, Missouri. It is the world's leading producer of glyphosate. Monsanto was acquired by Bayer as of June 2018, including its liabilities and legal responsibilities for the design, manufacture, and distribution of Roundup®.

4. Monsanto's glyphosate products are registered in 130 countries and approved for use on over 100 different crops. They are ubiquitous in the environment. Numerous studies confirm that glyphosate is found in rivers, streams, and groundwater in agricultural areas where Roundup® is used. It has been found in food, in the urine of agricultural workers, and even in the urine of urban dwellers who are not in direct contact with glyphosate.

5. On March 20, 2015, the International Agency for Research on Cancer ("IARC"), an agency of the World Health Organization ("WHO"), issued an evaluation of several herbicides, including glyphosate. That evaluation was based, in part, on studies of exposures to glyphosate in several countries around the world, and it traces the health implications from exposure to glyphosate since 2001.

6. On July 29, 2015, the IARC issued the formal monograph relating to glyphosate. In that monograph, the IARC Working Group provides a thorough review of the numerous studies and data relating to glyphosate exposure in humans.

7. The IARC Working Group classified glyphosate as a Group 2A herbicide, which means that it is probably carcinogenic to humans. The IARC Working Group concluded that this herbicide and glyphosate exposure through the use of Roundup® was associated with the development of multiple forms of cancer in those who had been exposed. Additional testing and analysis by experts around the world have confirmed that Roundup® is causally related to the formation of multiple forms of cancer by individuals who have been exposed to it.

8. Joel Todd, the Decedent, worked as a landscaper in Orange County, California and routinely used Roundup® in his landscaping work for nearly 20 years.

9. After nearly 20 years of regular use of Roundup® in his work as a landscaper Decedent Joel Todd was diagnosed in January 2020 with epithelial sarcoma, a virulent form of cancer. The Decedent's treating oncologists informed him that this disease was more likely than not directly related to and caused by his long term exposure to the Roundup®.

10. As a result, Decedent Joel Todd died on June 15, 2020, only six months after being diagnosed with cancer and sustaining the physical and emotional injuries associated with this cancer. The damage cause by this sequence of event is, by any definition, tragic, permanent and irreparable.

## PARTIES

11. Plaintiff Mary Katherine Green-Todd is an adult female. She is the wife of the Decedent Joel Todd and mother to Plaintiffs Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd.

12. Plaintiff Hunter Reese Todd is an adult male. He is the son of Plaintiff Mary Katherine Green-Todd and Decedent Joel Todd, and he is the brother of Plaintiffs Jadin Wood Todd, and Rilynn Todd.

13. Plaintiff Jadin Wood Todd is an adult male. He is the son of Plaintiff Mary Katherine Green-Todd and Decedent Joel Todd, and he is the brother of Plaintiffs Hunter Reese Todd, and Rilynn Todd.

14. Plaintiff Rilynn Todd is an adult female. She is the daughter of Plaintiff Mary Katherine Green-Todd and Decedent Joel Todd, and she is the sister of Plaintiffs Hunter Reese Todd, and Jadin Wood Todd.

15. Plaintiffs Mary Katherine Green-Todd, Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd are individuals who at all relevant times were residents and citizens of Orange County, California and bring claims for personal and economic injuries sustained by the Decedent Joel Todd's use of Roundup® as a landscaper for over 20 years.

16. Defendant Monsanto Company is a corporation organized under the laws of the State of Delaware with its principal place of business in St. Louis, Missouri. Defendant Monsanto routinely conducted business within the State of California, and the County of Orange, at all times relevant to the claims set forth in this Complaint, including the sale, distribution, and marketing of the herbicide Roundup® with the expectation that this product would be used by the general public within the State of California and the County of Orange.

17. The true names and capacities, whether individual, plural, corporate, partnership or otherwise, of DOES 1 through 10, inclusive are unknown to Plaintiffs who therefore sues said defendants by such fictitious names. The full extent of the facts linking such fictitiously sued defendants is unknown to Plaintiffs. Plaintiffs are informed, believe and thereon allege, that each of the defendants designated herein as DOE was and is negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligent, or in some other actionable manner, legally and proximately caused the herein after described injuries and damages to Plaintiffs. Plaintiffs will here after seek leave of Court to amend this Complaint to show the defendants' true names and capacities after the same has been

ascertained.

## JURISDICTION AND VENUE

18.  Diversity jurisdiction in this Court is proper under 28 U.S.C. § 1332 because Plaintiffs are citizens of different state (California) from Defendant's states of citizenship (Missouri and Delaware), and the aggregate amount in controversy exceeds $75,000, exclusive of interest and costs.

19.  Defendant Monsanto has, during all times relevant to the claims set forth in this Complaint, availed itself of the jurisdiction by the design, manufacture, sale and marketing of numerous products, including Roundup®, to the general public within the State of California and the County of Orange and within the Southern District of California. The exposure of Decedent Joel Todd to Roundup® occurred on a regular basis over an approximate 20 year time frame primarily within the State of California, County of Orange, within the Southern District of California.

## GENERAL ALLEGATIONS

20.  This is an action for damages suffered by Plaintiffs as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup®.

21.  Plaintiffs maintain that Roundup® and/or glyphosate is a defective and dangerous product to human health, unfit and unsuitable to be marketed and sold in commerce, and lacked proper warnings and directions as to the dangers associated with its use.

22.  Plaintiffs' injuries and the death of Decedent Joel Todd were avoidable by Defendant.

///
///
///
///

# COUNT I: WRONGFUL DEATH

**[By Plaintiffs MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, and RILYNN TODD against Defendant MONSANTOS and DOES 1 through 10, inclusive]**

23. Plaintiffs incorporate by reference each allegation set forth in preceding paragraphs as if fully stated herein.

24. Decedent Joel Todd's surviving spouse Mary Katherine Green-Todd, and the Decedent's children, Plaintiffs Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd, are Decedent Joel Todd's only heirs and bring herein this wrongful death claim.

25. Decedent Joel Todd died as a direct and proximate result of Defendant's negligent and wrongful conduct in connection with the design, development, manufacture, testing, packaging, promoting, marketing, advertising, distribution, labeling, and/or sale of the herbicide Roundup®, containing the active ingredient glyphosate.

26. Defendant's wrongful conduct has proximately caused Decedent Joel Todd's heirs to suffer the loss of Decedent Joel Todd's companionship, services, society, marital association, love, and consortium.

27. As a substantial causative factor and result of Defendant's conduct as referenced herein, Plaintiffs Mary Katherine Green-Todd, Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd respectfully request that this Court enter judgment in Plaintiffs' favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper.

///
///
///
///
///
///

## COUNT II: NEGLIGENCE

## (PRODUCTS LIABILITY)

**[By Plaintiffs MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, and RILYNN TODD against Defendant MONSANTOS and DOES 1 through 10, inclusive]**

28. Plaintiffs incorporate by reference each allegation set forth in preceding paragraphs as if fully stated herein.

29. Defendant had a duty to exercise reasonable care in the designing, researching, testing, manufacturing, marketing, supplying, promoting, packaging, sale, and/or distribution of Roundup® into the stream of commerce, including a duty to assure that the product would not cause users to suffer unreasonable, dangerous effects.

30. Defendant failed to exercise ordinary care in the designing, researching, testing, manufacturing, marketing, supplying, promoting, packaging, sale, testing, quality assurance, quality control, and/or distribution of Roundup® into interstate commerce in that Defendant knew or should have known that using Roundup® created a high risk of unreasonable, dangerous effects as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, as well as need for lifelong medical treatment, monitoring, and/or medications.

31. Defendant was negligent and/or violated California law in the designing, researching, supplying, manufacturing, promoting, packaging, distributing, testing, advertising, warning, marketing, and selling of Roundup® by failing to use ordinary care in designing and manufacturing Roundup® so as to avoid the aforementioned risks to individuals when Roundup® was used as an herbicide; failing to accompany its product with proper and/or accurate warnings regarding all possible adverse side effects associated with the use of Roundup®; failing to accompany its product with proper warnings regarding all possible adverse side effects concerning the failure and/or malfunction of Roundup®; failing to warn Decedent Joel Todd of the severity and

duration of such adverse effects, as the warnings given did not accurately reflect the symptoms, or severity of the effects; failing to conduct adequate testing, clinical testing and postmarketing surveillance to determine the safety of Roundup®; and negligently misrepresenting the evidence of Roundup®'s genotoxicity and carcinogenicity.

32. Despite the fact that Defendant knew or should have known that Roundup® caused, or could cause, unreasonably dangerous effects, Defendant continued and continues to market, manufacture, distribute, and/or sell Roundup® to consumers, including the Decedent Joel Todd.

33. Defendant knew or should have known that consumers such as Decedent Joel Todd would foreseeably suffer injury as a result of Defendant's failure to exercise ordinary care, as set forth above.

34. Defendant's violations of law and/or negligence were the proximate cause of Plaintiffs' injuries, harm and economic loss, which Plaintiffs suffered and/or will continue to suffer.

35. As a result of the foregoing acts and omissions, Decedent Joel Todd suffered from serious and dangerous effects as well as other severe and personal injuries which were permanent and lasting in nature, physical pain and mental anguish, diminished enjoyment of life, and financial expenses for hospitalization and medical care.

36. Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper.

///
///
///
///
///
///

## COUNT III: PRODUCT LIABILITY

## (DESIGN DEFECT)

**[By Plaintiffs MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, and RILYNN TODD against Defendant MONSANTOS and DOES 1 through 10, inclusive]**

37. Plaintiffs incorporate by reference each allegation set forth in preceding paragraphs as if fully stated herein.

38. At all times herein mentioned, the Defendant designed, researched, manufactured, tested, advertised, promoted, sold, and distributed Roundup® as hereinabove described that was used by Decedent Joel Todd.

39. At all relevant times, Roundup® was and currently is a defective and dangerous product for its reasonable and intended use as a herbicide and failed to perform as safely as an ordinary consumer would expect when used in its intended and reasonably foreseeable manner.

40. At all times herein mentioned, Roundup® was in a defective condition and unsafe, and Defendant knew or had reason to know that said product was defective and unsafe, especially when used in the form and manner as provided by the Defendant.

41. By reason of the foregoing, Defendant is strictly liable to the Plaintiffs for the manufacturing, marketing, promoting, distribution, and selling of a defective product, Roundup®.

42. Defendant's defective design, of Roundup® amounts to willful, wanton, and/or reckless conduct by Defendant.

43. As a substantial causative factor and result of Defendant placing its defective Roundup® products into the stream of commerce, and the resulting injuries proximately caused thereby, Decedent Joel Todd contracted cancer causing him to suffer multiple injuries and damages including pecuniary loss, past and future medical expenses, loss of income, and general damages for pain and suffering all in a sum which exceeds the jurisdictional minimum of this Court.

44. As a substantial causative factor and result of Defendant's conduct as referenced herein, Decedent Joel Todd suffered severe and personal injuries, which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life, and financial expenses for hospitalization and medical care.

45. As a substantial causative factor and result of Defendant placing its defective Roundup® products into the stream of commerce, as alleged herein, there is and has been a measurable and significant interval of time during which Plaintiffs have suffered great mental anguish and other personal injury and damages.

46. Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper.

## COUNT IV: STRICT LIABILITY
## (FAILURE TO WARN)

**[By Plaintiffs MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, and RILYNN TODD against Defendant MONSANTOS and DOES 1 through 10, inclusive]**

47. Plaintiffs incorporate by reference each allegation set forth in preceding paragraphs as if fully stated herein.

48. Defendant was aware, or reasonably should have been aware, that their Roundup® product posed an ongoing danger to the public due to exposure to the ingredients and contents of this herbicide. However, Defendant failed to warn of such dangers, failed to alter the contents of the product to ameliorate its dangerous propensities, and failed to institute other reasonable and necessary actions to protect the public, including Plaintiffs and Decedent Joel Todd, from the defective and dangerous propensities of Roundup® when used in its foreseeable manner and methods by the public, including its reasonable and foreseeable use by Decedent Joel Todd.

///

49. Decedent Joel Todd could not have reasonably discovered the defective and dangerous nature of Defendant's Roundup® product during the many years he used the product in its intended and reasonably expected manner.

50. Had Defendant disclosed the actual risks of use of its product, Decedent Joel Todd would have avoided those risks. However, Defendant failed to disclose such risks and thus deprived Decedent Joel Todd and Plaintiffs of any opportunity to avoid those risks.

51. As a substantial causative factor and result of Defendant's failure to disclose the risks to health and welfare associated with the use of Roundup® by Decedent Joel Todd, Plaintiffs have sustained severe and pervasive personal injuries and accompanying economic and financial damages.

52. The conduct of Defendant in failing to warn the general public, including Decedent Joel Todd, of the dangerous nature of prolonged exposure to Roundup® was willful and was a decision made for the economic benefit of Defendant to the risk and detriment to the general public and in conscious disregard of the safety and welfare of the public, including the safety and welfare of Plaintiffs and Decedent Joel Todd. Such conduct does and should support a claim for the imposition of punitive and exemplary damages.

53. Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all relief as this Court deems just and proper.

## COUNT V: LOSS OF CONSORTIUM

**[By Plaintiff MARY KATHERINE GREEN-TODD against Defendant MONSANTOS and DOES 1 through 10, inclusive]**

54. Plaintiff Mary Katherine Green-Todd incorporates by reference each allegation set forth in preceding paragraphs as if fully stated herein.

55. At all relevant times, Plaintiff Mary Katherine Green-Todd's spouse was Decedent Joel Todd.

56. Plaintiff Mary Katherine Green-Todd has suffered injuries and losses as a result of the Decedent Joel Todd's injuries from Defendant's wrongful actions and its product Roundup®.

57. For the reasons set forth herein, Plaintiff Mary Katherine Green-Todd has necessarily paid and has become liable to pay for medical aid, treatment, monitoring, medications, and other expenditures as a result of Defendant's misconduct.

58. For the reasons set forth herein, Plaintiff Mary Katherine Green-Todd has suffered and will continue to suffer the loss of her loved one's support, companionship, services, society, love and affection.

59. Plaintiff Mary Katherine Green-Todd alleges that her marital relationship has been impaired and depreciated, and the marital association between husband and wife has been terminated.

60. Plaintiff Mary Katherine Green-Todd has suffered great emotional pain and mental anguish.

61. As a direct and proximate result of the aforementioned injuries suffered by Decedent Joel Todd, Plaintiff Mary Katherine Green-Todd has been deprived, and continues to be deprived, of her spouse's companionship, affection, love, sexual relations, conjugal fellowship, physical assistance in maintaining the family home and comfort for a non-determinable length of time, which deprivation has caused, and continues to cause, Plaintiff Mary Katherine Green-Todd to suffer depression, emotional distress in the past, present, and future, and other injuries, the full extent of which have not yet been ascertained, but which will be stated according to proof at trial.

62. Plaintiff Mary Katherine Green-Todd respectfully requests that this Court enter judgment in Plaintiff Mary Katherine Green-Todd's favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all such other and further relief as this Court deems just and proper.

///

///

# COUNT VI: SURVIVAL ACTION

**[By Plaintiffs MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, and RILYNN TODD against Defendant MONSANTOS and DOES 1 through 10, inclusive]**

63. Plaintiffs incorporate by reference each allegation set forth in preceding paragraphs as if fully stated herein.

64. As a direct and proximate result of the conduct of Defendant, Decedent Joel Todd, prior to his death, was obligated to spend various sums of money to treat his injuries, which debts have been assumed by Plaintiffs.

65. As a direct and proximate cause of the aforesaid, Decedent Joel Todd endured pain and suffering, mental anguish and impairment of the enjoyment of life, until the date of his death; and, as a direct and proximate result of the aforesaid, Decedent Joel Todd's lawful beneficiaries, the Plaintiffs, suffered a loss of earnings and earning capacity.

66. Plaintiffs bring this claim each individually and on behalf of Decedent Joel Todd under applicable state statutory and/or common laws.

67. As a direct and proximate result of the conduct of Defendant, Decedent Joel Todd and his heirs, the Plaintiffs, until the time of his death, suffered a disintegration and deterioration of the family unit and the relationships existing therein, resulting in enhanced anguish, depression and other symptoms of psychological stress and disorder.

68. As a direct and proximate result of the aforesaid, and including the observance of the suffering and physical deterioration of Decedent Joel Todd until the date of his death, Plaintiffs have and will continue to suffer permanent and ongoing psychological damage which may require future psychological and medical treatment.

69. Decedent Joel Todd's wife, Plaintiff Mary Katherine Green-Todd and Decedent Joel Todd's children Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd, bring the claim each individually and on behalf of Decedent Joel Todd for

damages under applicable statutory and/or common laws, and in their own right.

70. Plaintiffs respectfully request that this Court enter judgment in Plaintiffs' favor for compensatory and punitive damages, together with interest, costs herein incurred, attorneys' fees and all such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all of the triable issues within this pleading.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the Court to enter judgment in Plaintiffs' favor and against the Defendant for:

a) actual or compensatory damages in such amount to be determined at trial and as provided by applicable law;

b) exemplary and punitive damages sufficient to punish and deter the Defendant and others from future fraudulent practices;

c) pre-judgment and post-judgment interest; costs including reasonable attorney's fees, court costs, and other litigation expenses; and any other relief the Court may deem just and proper.

DATED: June 26, 2020

THEODORA ORINGHER PC

By: /s/

Jon Mower, Esq.
Attorneys for Plaintiffs Mary Katherine Green-Todd, Hunter Reese Todd, Jadin Wood Todd, and Rilynn Todd

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of California

| | |
|---|---|
| MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD AND RILYNN TODD, <br> *Plaintiff(s)* <br> v. <br><br> MONSANTO COMPANY and DOES 1-10, inclusive <br> *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*
Monsanto Company, 800 N. Lindbergh Blvd., Saint Louis, MO 63167

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jon R. Mower, Esq.
THEODORA ORIGNHER P.C.
535 N. Anton Blvd., Ninth Floor
Costa Mesa, CA 92626
(714) 549-6200

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____    _____
*Signature of Clerk or Deputy Clerk*



AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:



American LegalNet, Inc.
www.FormsWorkFlow.com