Paul B. La Scala (SBN: 186939)
plascala@shb.com
Mayela C. Montenegro-Urch (SBN: 304471)
mmontenegro@shb.com
SHOOK, HARDY & BACON L.L.P.
Jamboree Center
5 Park Plaza, Suite 1600
Irvine, CA 92614-2546
Telephone: (949) 475-1500
Facsimile: (949) 475-0016

Attorneys for Defendant
MONSANTO COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY KATHERINE GREEN-TODD, HUNTER REESE TODD, JADIN WOOD TODD, and RILYNN TODD,<br><br>       Plaintiffs,<br><br>       v.<br><br>MONSANTO COMPANY; and DOES 1-10, inclusive,<br><br>       Defendants. | Case No. 8:20-cv-01184 DOC (DFMx)<br><br>**MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Complaint Filed: June 26, 2020<br>First Am. Compl. Filed: August 17, 2020 |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Defendant Monsanto Company ("Monsanto"), by and through its counsel, respectfully responds by generally denying all allegations contained in plaintiffs' Amended Complaint for Damages and Demand for Jury Trial ("the Complaint"), except as set forth below. As defined in the Complaint and as used in this Answer, Monsanto refers to Monsanto Company, a United States based company incorporated in Delaware, and not to other Monsanto-affiliated companies.

Monsanto denies – and objects to – allegations by plaintiffs that purport to lump Monsanto together with other defendants.  Monsanto responds to this Complaint only on behalf of Monsanto and not on behalf of any other defendant.  Silence as to any allegations shall constitute a denial.

1.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to decedent's alleged exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 1.

2.     Monsanto admits the allegations in paragraph 2.

3.     In response to the allegations in the first sentence of paragraph 3, Monsanto admits that its headquarters are in St. Louis County, Missouri and that it and affiliated companies have operations and offices in countries around the world. Monsanto admits that it has been a producer of glyphosate-based herbicides but lacks sufficient information regarding the business of other glyphosate producers to admit or deny the allegation as written in the second sentence of paragraph 3. Monsanto denies the allegations in the final sentence of paragraph 3.

4.     Monsanto admits the allegations in the first sentence of paragraph 4. Monsanto admits that certain studies have reported that glyphosate is found at *de minimis* levels significantly below regulatory safety limits in various locations and media.  Monsanto denies the remaining allegations in paragraph 4.

5.     Monsanto admits the allegations in the first sentence of paragraph 5. Monsanto denies the allegations in the second sentence of paragraph 5 to the extent they suggest that the International Agency for Research on Cancer ("IARC") based its evaluation on a complete or accurate assessment of the scientific research regarding glyphosate.

6.     Monsanto admits the allegations in the first sentence of paragraph 6. Monsanto denies the allegations in the second sentence of paragraph 6.

7.      In response to the allegations in paragraph 7, Monsanto admits that the IARC working group classified glyphosate under Group 2A.  Monsanto denies the remaining allegations in paragraph 7.

8.      Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 8 and therefore denies those allegations.

9.      In response to the allegations in paragraph 9, Monsanto denies that any exposure to Roundup®-branded products can cause epithelial sarcoma and/or other serious illnesses and denies that they caused decedent's epithelial sarcoma. Monsanto states that United States Environmental Protection Agency ("EPA") repeatedly has concluded that glyphosate does not pose any cancer risk to humans. Monsanto states, that:  (a) in September 2016, EPA's Office of Pesticide Programs ("OPP") issued a 227-page evaluation of glyphosate's carcinogenic potential, concluding that "[t]he strongest support is for [the descriptor] 'not likely to be carcinogenic to humans' at doses relevant to human health risk assessment"[1]; and (b) at the same time, EPA posted an October 2015 final report by its standing Cancer Assessment Review Committee ("CARC"), in which CARC endorsed EPA's existing classification of glyphosate as "Not Likely to be Carcinogenic to Humans."[2]  Monsanto further states that, in December 2017, EPA's OPP issued a detailed, lengthy revised evaluation of glyphosate's carcinogenic potential that reiterated the conclusion that "[t]he strongest support is for [the descriptor] 'not

---

[1] EPA's Office of Pesticide Programs, *Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 141 (Sept. 12, 2016) ("EPA OPP Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0094.  The EPA OPP Report was prepared in anticipation of an EPA Scientific Advisory Panel meeting on glyphosate's carcinogenic potential.

[2] Cancer Assessment Review Committee, Health Effects Division, Office of Pesticide Programs, U.S. Environmental Protection Agency, *Cancer Assessment Document – Evaluation of the Carcinogenic Potential of Glyphosate* at 10, 77 (Final Report, Oct. 1, 2015) ("EPA CARC Final Report"), https://www.regulations.gov/document?D=EPA-HQ-OPP-2016-0385-0014.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No: 8:20-cv-01184 DOC (DFMx)

likely to be carcinogenic to humans'."[3]  In addition to the conclusions in the two EPA OPP reports and the EPA CARC Final Report discussed above, other specific findings of safety include:

- "In June 1991, EPA classified glyphosate as a Group E [carcinogen]—one that shows evidence of non-carcinogenicity for humans—based on the lack of convincing evidence of carcinogenicity in adequate studies."  EPA, *Glyphosate: Reregistration Eligibility Decision (RED) Facts*, 2 (Sept. 1993), http://archive.epa.gov/pesticides/reregistration/web/pdf/0178fact.pdf.

- "No evidence of carcinogenicity."  Glyphosate; Pesticide Tolerances, 67 Fed. Reg. 60,934, 60,943 (Sept. 27, 2002) (to be codified at 40 C.F.R. pt. 180).

- "Glyphosate has no carcinogenic potential." Glyphosate; Pesticide Tolerance, 69 Fed. Reg. 65,081, 65,086 (Nov. 10, 2004) (to be codified at 40 C.F.R. pt. 180).

- "There is [an] extensive database available on glyphosate, which indicate[s] that glyphosate is not mutagenic, not a carcinogen, and not a developmental or reproductive toxicant." Glyphosate; Pesticide Tolerances, 73 Fed. Reg. 73,586, 73,589 (Dec. 3, 2008) (to be codified at 40 C.F.R. pt. 180).

- "EPA has concluded that glyphosate does not pose a cancer risk to humans." 78 Fed. Reg. 25,396, 25,398 (May 1, 2013) (to be codified at 40 C.F.R. pt. 180).

- "In 2014, EPA reviewed over 55 epidemiological studies conducted on the possible cancer and non-cancer effects of [g]lyphosate.  Our review concluded that this body of research does not provide evidence to show that [g]lyphosate causes cancer and does not warrant any change in the EPA's cancer classification for [g]lyphosate." *Agriculture Biotechnology:  A Look at Federal Regulation and Stakeholder Perspectives: Hearing Before the S. Comm. on Agr., Nutrition, & Forestry*, 114th Cong. (2015) (statement of Dr. William Jordan, Deputy Director of EPA's Office of Pesticide Programs), http://www.ag.senate.gov/templates /watch.cfm?id=74793e67-5056-a055-64af-0e55900753b4, at time stamp 55:05 – 56:20.

Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 9 and therefore denies those allegations.

10.    Monsanto denies the allegations in paragraph 10.

---

[3] EPA's Office of Pesticide Programs, *Revised Glyphosate Issue Paper: Evaluation of Carcinogenic Potential* at 143, 144 (Dec. 12, 2017), https://www.regulations.gov/ document?D=EPA-HQ-OPP-2016-0385-0528.

11.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies those allegations.

12.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12 and therefore denies those allegations.

13.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies those allegations.

14.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies those allegations.

15.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 15 and therefore denies those allegations.

16.     In response to the allegations in paragraph 16, Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to decedent's exposure to Roundup®-branded products but denies any liability as to plaintiffs. Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 and therefore denies those allegations.

17.     In response to the allegations in paragraph 17, Monsanto admits that it is a Delaware corporation with its headquarters and principal place of business in St. Louis County, Missouri and that it has sold, distributed, and marketed Roundup®-branded herbicides throughout California, including Orange County.

18.     The allegations in paragraph 18 are directed at defendants other than Monsanto, so no response from Monsanto is required for these allegations.

19.     The allegations in paragraph 19 set forth conclusions of law for which no response is required.  To the extent a response is deemed required, Monsanto admits the allegations in paragraph 19 based upon the allegations in plaintiffs' Complaint.

20.     The allegations in the first sentence of paragraph 20 set forth conclusions of law for which no response is required.  Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in the final sentence of paragraph 20 and therefore denies those allegations.

21.     Monsanto admits that plaintiffs purport to bring an action for damages allegedly related to exposure to Roundup®-branded products but denies any liability to plaintiffs.  Monsanto denies the remaining allegations in paragraph 21.

22.     Monsanto denies the allegations in paragraph 22.

23.     Monsanto denies the allegations in paragraph 23.

24.     Monsanto incorporates by reference its responses to paragraphs 1 through 23 in response to paragraph 24 of plaintiffs' Complaint.

25.     Monsanto denies the allegations in paragraph 25 that decedent's death was "wrongful" and denies that any injuries alleged in the Complaint, including the injury and death of decedent, were caused by Roundup®-branded products. Monsanto admits that plaintiffs purport to bring a wrongful death claim but denies any liability as to that claim.

26.     Monsanto denies the allegations in paragraph 26.

27.     Monsanto denies the allegations in paragraph 27.

28.     In response to the allegations in paragraph 28, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.  Monsanto denies the remaining

1    allegations in paragraph 28.

2        29.    Monsanto incorporates by reference its responses to paragraphs 1

3    through 28 in response to paragraph 29 of plaintiffs' Complaint.

4        30.    Monsanto admits that plaintiffs purport to bring certain claims alleged

5    in paragraph 30 of the Complaint but denies any liability as to those claims.

6        31.    Monsanto denies the allegations in paragraph 31.

7        32.    Monsanto denies the allegations in paragraph 32.

8        33.    Monsanto denies the allegations in paragraph 33.

9        34.    Monsanto denies the allegations in paragraph 34.

10       35.    In response to the allegations in paragraph 35, Monsanto admits that

11   plaintiffs purport to bring a survival action claim but denies any liability as to that

12   claim.  Monsanto denies the remaining allegations in paragraph 35.

13       36.    In response to the allegations in paragraph 36, Monsanto demands that

14   judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be

15   dismissed, with prejudice; and that Monsanto be awarded costs of suit and

16   reasonable attorney's fees as allowed by law and such further and additional relief

17   as this Court may deem just and proper.

18       37.    Monsanto incorporates by reference its responses to paragraphs 1

19   through 36 in response to paragraph 37 of plaintiffs' Complaint.

20       38.    Monsanto lacks information or knowledge sufficient to form a belief

21   as to the truth of the allegations in paragraph 38 and therefore denies those

22   allegations.

23       39.    Monsanto denies the allegation in paragraph 39.

24       40.    Monsanto lacks information or knowledge sufficient to form a belief

25   as to the truth of the allegations in paragraph 40 regarding plaintiff Mary Katherine

26   Green-Todd's and decedent's marital relationship and therefore denies those

27   allegations.  Monsanto denies the remaining allegations in paragraph 40.

28

41.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies those allegations.

42.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 42 regarding plaintiff Mary Katherine Green-Todd's and decedent's marital relationship and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 42.

43.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies those allegations.

44.     Monsanto denies the allegations in paragraph 44.

45.     In response to the allegations in paragraph 45, Monsanto demands that judgment be entered in its favor and against plaintiff; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

46.     Monsanto incorporates by reference its responses to paragraphs 1 through 45 in response to paragraph 46 of plaintiffs' Complaint.

47.     The allegations in paragraph 47 set forth conclusions of law for which no response is required.

48.     Monsanto denies the allegations in paragraph 48.

49.     Monsanto denies the allegations in paragraph 49.  All labeling of Roundup®-branded products has been and remains EPA-approved and in compliance with all federal requirements under the Federal Insecticide, Fungicide, and Rodenticide Act ("FIFRA").

50.     Monsanto denies the allegations in paragraph 50.

51.     Monsanto denies the allegations in paragraph 51.

MONSANTO COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT
Case No: 8:20-cv-01184 DOC (DFMx)

1  52.    Monsanto denies the allegations in paragraph 52.

2  53.    Monsanto denies the allegations in paragraph 53.

3  54.    In response to the allegations in paragraph 54, Monsanto demands that

4  judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

5  dismissed, with prejudice; and that Monsanto be awarded costs of suit and

6  reasonable attorney's fees as allowed by law and such further and additional relief

7  as this Court may deem just and proper.

8  55.    Monsanto incorporates by reference its responses to paragraphs 1

9  through 54 in response to paragraph 55 of plaintiffs' Complaint.

10  56.    Monsanto lacks information or knowledge sufficient to form a belief

11  as to the truth of the allegations in paragraph 56 that decedent used or was exposed

12  to Roundup®-branded products and therefore denies those allegations.  Monsanto

13  denies the remaining allegations in paragraph 56.

14  57.    Monsanto denies the allegations in paragraph 57.

15  58.    Monsanto denies the allegations in paragraph 58.

16  59.    Monsanto denies the allegations in paragraph 59.

17  60.    Monsanto denies the allegations in paragraph 60.

18  61.    Monsanto denies the allegations in paragraph 61.

19  62.    Monsanto denies the allegations in paragraph 62.

20  63.    Monsanto denies the allegations in paragraph 63.

21  64.    In response to the allegations in paragraph 64, Monsanto demands that

22  judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be

23  dismissed, with prejudice; and that Monsanto be awarded costs of suit and

24  reasonable attorney's fees as allowed by law and such further and additional relief

25  as this Court may deem just and proper.

26  65.    Monsanto incorporates by reference its responses to paragraphs 1

27  through 64 in response to paragraph 65 of plaintiffs' Complaint.

28

66.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 66 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 66.

67.     Monsanto lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 67 concerning decedent's claimed use of Roundup®-branded products and therefore denies those allegations.  Monsanto denies the remaining allegations in paragraph 67.

68.     Monsanto denies the allegations in paragraph 68.

69.     Monsanto denies the allegations in paragraph 69.

70.     Monsanto denies the allegations in paragraph 70.

71.     In response to the allegations in paragraph 71, Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

In response to the allegations in the section entitled "PRAYER FOR RELIEF," Monsanto demands that judgment be entered in its favor and against plaintiffs; that plaintiffs' Complaint be dismissed, with prejudice; and that Monsanto be awarded costs of suit and reasonable attorney's fees as allowed by law and such further and additional relief as this Court may deem just and proper.

Every allegation in the Complaint that is not specifically and expressly admitted in this Answer is hereby specifically and expressly denied.

## SEPARATE AND AFFIRMATIVE DEFENSES

1.     The Complaint, in whole or part, fails to state a claim or cause of action against Monsanto upon which relief can be granted.

2.     Plaintiffs' claims against Monsanto are barred because plaintiffs cannot proffer any scientifically reliable evidence that the products at issue were defective or unreasonably dangerous.

3.     Any alleged negligent or culpable conduct of Monsanto, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of plaintiffs' and/or decedent's alleged injuries.

4.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

5.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

6.     Plaintiffs' claims against Monsanto are preempted, in whole or in part, by applicable federal law relating to the design, testing, producing, manufacturing, labeling, distributing, modeling, processing, and supply of Roundup®-branded products and/or glyphosate-containing products.

7.     Plaintiffs' claims against Monsanto are preempted, in whole or in part, because of U.S. EPA findings that glyphosate does not cause cancer in humans and/or because of U.S. EPA-approved product labeling.

8.     Plaintiffs' claims against Monsanto are barred, in whole or in part, by the doctrine of primary jurisdiction, including by the authority delegated by Congress to the U.S. EPA.

9.     Plaintiffs' claims against Monsanto are barred, in whole or in part, because plaintiffs' and/or decedent's injuries or damages, if any, were the result of conduct of plaintiffs, decedent, independent third parties, and/or events that were

1  extraordinary under the circumstances, not foreseeable in the normal course of

2  events, and/or independent, intervening and superseding causes of the alleged

3  injuries or damages, including but not limited to decedent's pre-existing medical

4  conditions.

5      10.    The doctrines contained in Restatement (Second) of Torts § 402A,

6  comments j and k, bar plaintiffs' claims against Monsanto in whole or in part.

7      11.    Decedent's misuse or abnormal use of the product or failure to follow

8  instructions bar plaintiffs' claims against Monsanto in whole or in part.

9      12.    If plaintiffs and/or decedent suffered injuries or damages as alleged,

10  which is denied, such injuries or damages resulted from:  (a) acts or omissions of

11  persons or entities for which Monsanto is neither liable nor responsible or, in the

12  alternative, Monsanto is entitled to an assessment of the relative degree of fault of

13  all such persons and entities; or (b) resulted from diseases and/or causes that are

14  not related or connected with any product sold, distributed, or manufactured by

15  Monsanto.  Such acts or omissions on the part of others or diseases or causes

16  constitute an independent, intervening and sole proximate cause of plaintiffs'

17  and/or decedent's alleged injuries or damages.

18      13.    Monsanto had no legal relationship or privity with plaintiffs and/or

19  decedent and owed no duty to them by which liability could be attributed to it.

20      14.    Plaintiffs' claims against Monsanto are preempted or otherwise barred

21  in whole or in part by the Freedom of Speech Clause of the First Amendment of

22  the U.S. Constitution.

23      15.    Plaintiffs' claims against Monsanto for punitive and/or exemplary

24  damages are barred because such an award would violate Monsanto's due process,

25  equal protection and other rights under the United States Constitution, the

26  California Constitution, and/or other applicable state constitutions.

27

28

16.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred because plaintiffs have failed to allege conduct warranting imposition of such damages under California law and/or other applicable state laws.

17.     Plaintiffs' claims against Monsanto for punitive and/or exemplary damages are barred and/or limited by operation of state and/or federal law.

18.     Plaintiffs' claims against Monsanto are barred in whole or in part by decedent's contributory/comparative negligence.

19.     Plaintiffs' claims against Monsanto are barred in whole or in part by plaintiffs' and/or decedent's failure to mitigate damages.

20.     Plaintiffs' claims against Monsanto are barred in whole or in part by the sophisticated user doctrine.

21.     Plaintiffs' recovery, if any, shall be reduced by those payments that plaintiffs and/or decedent have received and/or will receive from collateral sources.

22.     If plaintiffs and/or decedent have been injured or damaged, no injury or damages being admitted, such injuries were not caused by a Monsanto product.

23.     Plaintiffs' claims against Monsanto are barred or limited to the extent that plaintiffs assert claims that are governed by the laws of a state that does not recognize, or limits, such claims.

24.     Plaintiffs' claims against Monsanto are barred to the extent that plaintiffs seek relief under the laws of states that do not govern plaintiffs' claims.

25.     Plaintiffs' survival action claims against Monsanto are barred, in whole or in part, because plaintiffs fail to establish that they are decedent's successors in interest under California law.  *See, e.g., Simmons v. Target Corp.*, No. SACV1801019JVSKESX, 2018 WL 6167924, at *3 (C.D. Cal. Aug. 20, 2018); Cal. Civ. Proc. Code § 377.32.

26.     Plaintiffs' demands for pain-and-suffering damages for their survival action claims against Monsanto are barred because such damages are not recoverable in a survival action.  *See, e.g., Perez v. Auto Tech. Co.*, No. 13-06728 MMM (VBKX), 2014 WL 12588644, at *3 (C.D. Cal. July 14, 2014); Cal. Code Civ. Proc. § 377.34.

27.     Monsanto hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves its right to amend this Answer to assert such defenses.

**WHEREFORE**, Defendant Monsanto demands judgment in its favor and against plaintiffs, dismissing plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated:  August 31, 2020                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   */s/ Paul B. La Scala*
Paul B. La Scala
Mayela C. Montenegro-Urch
Attorneys for Defendant
MONSANTO COMPANY

## **JURY TRIAL DEMAND**

Monsanto demands a jury trial on all issues so triable.

Dated:  August 31, 2020                    Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:   */s/ Paul B. La Scala*
Paul B. La Scala
Mayela C. Montenegro-Urch
Attorneys for Defendant
MONSANTO COMPANY